```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

MF GLOBAL HOLDINGS LTD., as Plan
Administrator, and MF GLOBAL ASSIGNED
ASSETS LLC,
                                              17 Civ. 106
                Plaintiffs,                   17 Civ. 113

     -against-                                  OPINION

ALLIED WORLD ASSURANCE CO. LTD., IRON-
STARR EXCESS AGENCY LTD., IRONSHORE INS.
LTD., STARR INS. & REINSURANCE LTD., and
FEDERAL INS. CO.,

                Defendants.

----------------------------------------X
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/17

A P P E A R A N C E S:

    Attorneys for Plaintiffs

    JONES DAY
    555 South Flower St., 50th Fl.
    Los Angeles, CA 90071
    By:  Bruce Bennett, Esq.

    250 Vesey St.
    New York, NY 10281
    By:  Edward M. Joyce, Esq.
        Jane Rue Wittstein, Esq.


    Attorneys for Allied World Defendants

    CRAVATH, SWAINE & MOORE LLP
    Worldwide Plaza
    825 Eighth Avenue
    New York, NY 10019
    By:  Daniel Slifkin, Esq.
        Omid H. Nasab, Esq.

WHITE AND WILLIAMS LLP
7 Times Square
New York, NY 10036
By:  Erica Kerstein, Esq.

Attorneys for Iron-Starr Defendants

D'AMATO & LYNCH
Two World Financial Center
225 Liberty Street
New York, NY 10281
By:  Mary Jo Barry, Esq.
     Maryann Taylor, Esq.

**Sweet, D.J.**

Defendants Allied World Assurance Co. Ltd. ("Allied World"), Iron-Starr Excess Agency Ltd., Ironshore Insurance Ltd., Starr Insurance & Reinsurance Ltd. (collectively the "Iron-Starr Defendants" and collectively with Allied World, the "Bermuda Insurers"), and Federal Insurance Company ("Federal" collectively with the Bermuda Insurers, "Defendants") seek leave to appeal the Bankruptcy Court's December 21, 2016 order granting a Temporary Restraining Order ("TRO") to plaintiffs MF Global Holdings, Ltd. ("MFGH"), MF Global Assigned Assets LLC ("MFGAA," collectively with MFGH "Plaintiffs") against Defendants. Upon the findings and conclusions set forth below, the Bermuda Insurers' motion for leave to appeal is denied.

**Prior Proceedings**

On October 31, 2011 MFGH commenced chapter 11 bankruptcy proceedings. *In re MG Global Holdings Ltd.*, No. 11-15059 (MG) (Bankr. S.D.N.Y.). On the same day, a trustee was appointed to liquidate MFGH's broker-dealer subsidiary, MF Global Inc. ("MFGI") under the Securities Investor Protection Act of 1970 ("SIPA"). *In re MF Global Inc.*, No. 11-2790 (Bankr. S.D.N.Y.).

1

Both cases were assigned to the Honorable Martin Glenn, who has adjudicated the matters since 2011. MF Global's collapse triggered claims by a number of stakeholders, including creditors, equity holders, and customers. The claims were brought against the MF Global companies as well as former managers, directors, and officers of the companies (the "Individual Insureds"). The claims against these Individual Insureds were consolidated into a multi-district litigation, and they, along with MFGH and MFGI, sought coverage under MF Global's directors and officers ("D&O") and errors and omissions ("E&O") insurance policies for the May 31, 2011 to May 31, 2012 policy period.

The MF Global parties and Individual Insureds reached a global settlement for all of these claims in the MDL litigation, which amounted to a $159 million settlement, requiring the insurance companies to pay full policy limits to settle all of the claims. However, the three insurance companies at the top of the E&O insurance tower, which are the three Defendants in this case, refused to participate in the settlement, under which they owe a collective $25 million.

On October 27, 2016, the MF Global parties filed their complaint in the Southern District of New York Bankruptcy Court seeking to enforce the coverage. In response to the Complaint, on November 8, 2016 the Defendants successfully obtained an Anti-Suit Injunction against the Plaintiffs in the Supreme Court of Bermuda, Civil Jurisdiction. These Anti-Suit Injunctions enjoined the Plaintiffs and their attorneys from pursuing litigation in the United States concerning Defendants' E&O policies. The Plaintiffs notified the Bankruptcy Court about the Anti-Suit Injunction on November 21, 2016.

On November 22, 2016 the Bankruptcy Court *sua sponte* issued an Order to Show Cause for why the Defendants should not be held in contempt (the "First OSC"). On November 28, 2016 the Defendants moved to dismiss the Complaint for lack of personal jurisdiction, subject matter jurisdiction, and improper service of process. On the same date, the Defendants also moved for the Bankruptcy Court to compel arbitration of the claims asserted against them. It appears that earlier attempts at arbitration were not successful as the parties could not agree on a full set of arbitrators. The parties dispute whether Plaintiffs were permitted under the Anti-Suit Injunction from responding to these motions. Regardless of these competing interpretations of

3

the Anti-Suit Injunction, Plaintiffs did not respond to the motion to dismiss for lack of jurisdiction nor the motion to compel arbitration.

On December 14, 2016 Judge Glenn heard oral argument on the First OSC; however the Bermuda Insurers' counsel "refused to consent to allow the [Plaintiffs'] counsel an opportunity to be heard in connection with [the First OSC], or any other matter" because of the Anti-Suit Injunction in Bermuda.

On December 21, 2016 Judge Glenn issued a Temporary Restraining Order ("TRO") prohibiting the Bermuda Insurers from taking further action to enforce the Bermuda Anti-Suit Injunction, finding Plaintiffs had established through their pleadings personal jurisdiction, subject matter jurisdiction, and proper service of process on Defendants.  Then on December 22, 2016, one day after the TRO was issued, the Bermuda Insurers again sought relief from the Bermuda Courts.  The relief they sought from the Bermuda Court was permanent injunctive relief requiring Plaintiffs to terminate the bankruptcy proceedings before Judge Glenn in the Southern District of New York.  On December 23, 2016 the Bermuda Court issued its Reasons for Decision explaining its ruling for entry of the *ex parte* anti-

4

suit injunctions. On December 29, 2016, the Bankruptcy Court entered a Second OSC as to why the Bermuda Insurers should not be held in contempt for violating the TRO by filing the motion for injunctive relief with the Bermuda court on December 22, 2016.

The Bankruptcy Court converted the TRO into a Preliminary Injunction on January 12, 2017. On that same date, the Bankruptcy Court also found the Bermuda Insurers in contempt for violating the TRO by seeking relief from the Bermuda court on December 22, 2016. The Bermuda Insurers have sought leave to appeal the Preliminary Injunction and Contempt Orders. That motion became fully briefed on February 7, 2017 and will not be argued until March 2, 2017.

Allied World represented in its reply brief for the instant motion that the Bermuda Anti-Suit Injunctions have now been lifted. Def. Rep. Br. at 10. On January 23, 2017 the Bankruptcy Court issued an opinion finding that the Bermuda Insurers violated the *Barton* Doctrine, which requires parties to a U.S. bankruptcy proceeding to obtain leave of the Bankruptcy Court before filing an action in a foreign jurisdiction. The

5

Bermuda Insurers have indicated that they will seek leave to appeal the Bankruptcy Court's *Barton* Doctrine decision.

Judge Glenn will hold his next conference to address a number of outstanding issues in the case on February 23, 2017.

The interrelationship of proceedings before the Bankruptcy Court and the District Court are complicated, and the requested chronology describing these various motions and events has not been produced by the parties.

The instant motion for leave to appeal the TRO was filed with the Bankruptcy Court on January 4, 2017. The motion for leave to appeal the TRO was docketed with the District Court on January 6, 2017. The motion was argued and marked fully submitted on February 2, 2017.

**Applicable Standard**

The Bermuda Insurers bring this motion pursuant to 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 8004. A motion for leave to appeal a bankruptcy order under 28 U.S.C. § 158(a)(3) can only be granted

6

when the movant establishes that the order meets the "standards prescribed in 28 U.S.C. § 1292(b)." *In re Anderson*, 550 B.R. 228, 234 (S.D.N.Y. 2016). A district court may exercise its discretion to grant leave to appeal when the order at issue involves: "(1) a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) that an immediate appeal from which may materially advance the ultimate termination of the litigation." *Id.* (citing 28 U.S.C. § 1292(b)).

Granting a permissive interlocutory appeal is appropriate "where appellate review might avoid protracted and expensive litigation." *German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995). However, "the party seeking an interlocutory appeal has the burden of showing 'exceptional circumstances' to 'overcome the general aversion to piecemeal litigation' and 'justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *In re Perry H. Koplik & Sons, Inc.*, 377 B.R. 69, 73-74 (S.D.N.Y. 2007) (quoting *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave*, 921 F.2d 21, 24 (2d Cir. 1990)).

**The Bermuda Insurers' Motion for Leave to Appeal the TRO is Denied**

While the parties vigorously dispute whether the Bankruptcy Court was correct in finding that there was personal jurisdiction, subject matter jurisdiction, and proper service of process, Plaintiffs argue that threshold issues such as mootness and the § 1292(b) factors preclude consideration of the jurisdictional questions. For the reasons that follow, this controversy is moot and the § 1292(b) factors are not satisfied; the Bermuda Insurers' motion for leave to appeal is denied.

The TRO is moot because the Bankruptcy Court issued a Preliminary Injunction on January 18, 2017. The Second Circuit has held, "An interlocutory appeal from a temporary stay no longer in effect, like an interlocutory appeal from a since-expired or vacated temporary restraining order, is the paradigm of a moot appeal." *Video Tutorial Services, Inc. v. MCI Telecommunications Corp.*, 79 F.3d 3, 5 (2d Cir. 1996). Just as in past Second Circuit cases, here the Bankruptcy Court has "rendered its decision on the preliminary injunction" therefore making "the temporary restraining orders, whether valid or not when entered, [] now lapsed and any decision on them would be moot." *Glen-Arden Commodities, Inc. v. Costantino*, 493 F.2d

8

1027, 1030 (2d Cir. 1974). The Court must dismiss a motion for leave to appeal if it becomes moot because "we have no jurisdiction over moot controversies." *Video Tutorial Services, Inc.*, 79 F.3d at 5. For those reasons, the motion for leave to appeal the TRO is dismissed as moot.

The Bermuda Insurers must establish that the "standards prescribed in 28 U.S.C. § 1292(b)" are satisfied in order for this Court to grant their motion for leave to appeal the bankruptcy order. *In re Anderson*, 550 B.R. 228, 234 (S.D.N.Y. 2016). A district court may exercise its discretion to grant leave to appeal when the order at issue involves: "(1) a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) that an immediate appeal from which may materially advance the ultimate termination of the litigation." *Id.* (citing 28 U.S.C. § 1292(b)). Here, an immediate appeal is not appropriate, given the circumstances and the desirability to develop a full record with respect to the jurisdictional facts. At this point, Judge Glenn has already scheduled a conference to address some of these very issues which will take place on February 23, 2017. Given the arbitration, contempt, and *Barton* issues, an immediate appeal of the TRO would not advance the ultimate termination of

9

the action. Therefore, the § 1292(b) factors have not been satisfied.

In addition to the enumerated § 1292(b) factors, "Inherent in the requirements of section 1292(b) is that the issue certified be ripe for judicial determination." *Oneida Indian Nation of N.Y. State v. Oneida Cnty.*, 622 F.2d 624, 628 (2d Cir. 1980). Plaintiffs argue that the controversy is not yet ripe because there was not a fully developed record before Judge Glenn when he made his determination about jurisdiction. Jurisdictional discovery regarding certain contacts between the Defendants and the forum state in relation to the underlying policies and prior litigations might make a determination on the current undeveloped record merely an "advisory opinion rendered on hypotheses." *Id.* Full briefing from both parties could also aid the determination of these issues. The record that was before the Bankruptcy and District Courts remains incomplete because of Defendants' Anti-Suit Injunction in Bermuda against Plaintiffs.

**Conclusion**

Based on the findings and conclusions set forth above, the Bermuda Insurers' motion for leave to appeal the TRO is denied.

It is so ordered.

New York, NY
February 9, 2017

ROBERT W. SWEET
U.S.D.J.

11